■ In the Matter of STATE TAX COMMISSION, Respondent-Appellant, v BLANCHARD MANAGEMENT CORP.; OPERATION OPEN CITY, Respondent, and CHEMICAL BANK, Appellant-Respondent. — Order of the Supreme Court, New York County (Fraiman, J.), entered April 15, 1981, which, *inter alia,* granted in part a petition by the New York State Tax Commission by directing Chemical Bank to turn over to the commission an amount equal to that sum paid out by the bank to the Sheriff from an account in the name of Operation Open City pursuant to an execution levy on a default judgment against Operation Open City entered by Blanchard Management Corp., a tax delinquent, and denied the petition insofar as it sought to enforce a tax collector's levy served on Operation Open City directing it to pay over to the commission its debt to Blanchard Management Corp., unanimously modified, on the law and the facts, to dismiss the petition against Chemical Bank, and otherwise affirmed, without costs. In August, 1980, Blanchard Management Corp. (Blanchard) owed the State of New York more than $200,000 in sales tax arrears under article 28 of the Tax Law. The commission learned that Blanchard was owed money by Operation Open City (Open City) and, on August 18, 1980, the commission served a tax collector's levy on Open City directing it to pay over to the commission the debt owed Blanchard. Open City did nothing in response to this levy. On August 21, 1980, Blanchard entered a default judgment against Open City for $16,659 in Supreme Court, Kings County. Open City maintained

an account with a Chemical Bank branch office at 3148 Third Avenue in Manhattan. On September 11, 1980, Blanchard served a restraining notice at the Chemical Bank branch office pertaining to any accounts in the name of Open City. On September 17, 1980, the Sheriff served an execution and levy on Chemical Bank at its branch office on behalf of Blanchard. Chemical notified Open City of the levy on the same date. On October 2, 1980, Chemical paid out the funds to the Sheriff from Open City's account pursuant to the levy. On September 29, 1980, the Tax Commission served a tax collector's levy on Chemical Bank at its main office located at 20 Pine Street in Manhattan. This printed form levy contained the following standard language: "It appears that you are indebted to the above named judgment debtor [Blanchard] or that you are in possession or custody of property not capable of delivery in which you know or have reason to believe that the judgment debtor has an interest." The levy directed the bank to transfer the property to the Tax Commission. Blanchard was named as the judgment debtor. Blanchard did not maintain an account with Chemical Bank. The levy made no mention of Open City or its account with Chemical. We note the holding relied on by the commission in *Digitrex, Inc. v Johnson* (491 F Supp 66 [construing New York law]), that service of a restraining notice which did not specify the number of the account to be frozen was sufficient even though it was served at the main office of the bank rather than the branch where the account was maintained. In that case, Judge Knapp cited the advanced computer technology employed by major New York banks at their main offices to reject the traditional New York rule that attachment of a bank account must be made at the branch where the account is maintained. (See Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5201:13, p 67.) But in *Digitrex,* the restraining notice specified the name of the person whose account was to be frozen. Here, the levy only named an attaching creditor of one of Chemical's account holders. Applying the rationale in *Digitrex,* we hold that this tax collector's levy, served on Chemical at its main office a full two weeks after Blanchard had restrained Open City's account at the branch office, was deficient because it did not adequately describe its object so that the bank could act upon it. The levy was insufficient to apprise Chemical of the commission's lien on Open City's account. Nor is there such a duty imposed on the bank to make immediate inquiry of the commission regarding this apparently erroneous levy, that failure to inquire immediately can be a predicate for the punitive liability imposed at Special Term. We cannot assume that the main office keeps easily accessible records of every attachment served at every branch office. It was thus error for Special Term to hold that Chemical Bank had reason to believe and was deemed to know that the property referred to was the Open City account. Special Term correctly dismissed the commission's petition against Open City. By attaching Open City's debt to Blanchard, the commission stood in the shoes of Blanchard and enjoyed no greater rights with respect to the debt. (*Smith v Amherst Acres,* 43 AD2d 692.) The judgment conferred only inchoate rights upon Blanchard until levy of execution by the Sheriff, which had not occurred when the commission served its tax collector's levy on Open City. Open City still had the right to attempt to vacate its default pursuant to CPLR 5015. Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Milonas, JJ.